MITCHELL SILBERBERG & KNUPP LLP
CHRISTINE LEPERA (*pro hac vice forthcoming*) ctl@msk.com
437 Madison Avenue, 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

MITCHELL SILBERBERG & KNUPP LLP
GABRIELLA N. ISMAJ (SBN 301594) gan@msk.com
ALEXANDRA L. ANFUSO (SBN 333440) ala@msk.com
2049 Century Park East, 18th Floor
Los Angeles, CA 90067
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff Dua Lipa

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dua Lipa,<br><br>            Plaintiff,<br><br>        v.<br><br>Samsung Electronics America, Inc.;<br>Samsung Electronics Co., Ltd.; and<br>Does 1-10, inclusive,<br><br>            Defendants. | CASE NO. 2:26-cv-05019<br><br>**COMPLAINT**<br><br>**Demand For Jury Trial** |

Mitchell
Silberberg &
Knupp LLP

**COMPLAINT**

Plaintiff Dua Lipa ("Ms. Lipa" or "Plaintiff"), by and through her undersigned attorneys, hereby brings this Complaint against Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Samsung" or "Defendants"), as follows:

**NATURE OF THE ACTION**

1.    Ms. Lipa brings this action against Samsung for copyright infringement, trademark infringement, and violation of her right of publicity in order to obtain redress for the massive, continuing, unauthorized commercial exploitation of her valuable image and likeness by Samsung on cardboard television boxes.

2.    Ms. Lipa is a hugely successful, Grammy-award winning singer, songwriter, recording and performing artist, and model.  Over the last decade, Ms. Lipa has created one of the most successful and recognizable artist brands in the world.  Her 2020 album, *Future Nostalgia*, was certified Diamond; it was the number one album in the UK and peaked at number three in the United States.  Her 2024 album, *Radical Optimism*, debuted at number one on the UK Albums Chart and number two on the Billboard 200.  She has toured extensively and internationally, selling out stadiums across the globe, and playing hundreds of sold out shows in the last several years.  She has won three Grammy Awards, as well as several other prestigious awards including seven Brit Awards.  Ms. Lipa has been prominently featured on the cover of many popular magazines, including *Time*, *British GQ*, *Vogue, Elle*, and *Rolling Stone*.

3.    Ms. Lipa holds highly valuable copyright, trademark and publicity rights in her name, image and likeness, including in the image exploited by Samsung without authorization.  Ms. Lipa has developed substantial commercial value in her name, image, and likeness, which she has successfully monetized through brand sponsorships, endorsements, and related promotional partnerships.  As a direct result of such reputation, recognition, and goodwill, Ms. Lipa has

Mitchell
Silberberg &
Knupp LLP

2

**COMPLAINT**

earned significant revenue in exchange for offering limited rights to use her name, image and/or likeness in connection with such campaigns.

4.      Reflecting the premium value of her brand identity, Ms. Lipa has entered into a number of substantial commercial partnerships with highly prestigious businesses, organizations, and luxury brands.  Representative examples of these commercial partnerships include: (i) in 2020, Ms. Lipa became a global ambassador for Puma; (ii) Ms. Lipa co-created a fashion line with Donatella Versace and was a brand ambassador for Versace's Fall-Winter 2021 campaign; (iii) Ms. Lipa partnered with Yves Saint Laurent in connection with its "Libre" perfume, and later became a global ambassador for YSL Beauty; (iv) Ms. Lipa has collaborated with Porsche, Apple, Chanel, Tiffany & Co., and many other high luxury and fashion houses; and (v) most recently, Ms. Lipa starred in a widely marketed commercial campaign promoting the 2026 Winter Olympics in Milan, and agreed to global ambassador roles with Bvlgari and Nespresso.

5.      Defendants are companies within the umbrella of the behemoth global brand "Samsung," namely, Samsung Electronics Co., Ltd. based in Korea, and its United States affiliate, Samsung Electronics America, Inc.  On information and belief, Defendants are engaged in the manufacturing and distribution of a wide range of consumer electronics, including the Infringing Products (defined below) at issue in this case.

6.      Recognizing Ms. Lipa's notoriety and goodwill, Samsung used a copyrighted image of Ms. Lipa (the "DL Image") without authority or license and prominently featured it on the front of cardboard boxes containing Samsung manufactured televisions for retail sale (the "Infringing Products") such as the one pictured below:

Mitchell
Silberberg &
Knupp LLP

3
**COMPLAINT**



7.     Ms. Lipa is the sole owner of the copyright in the DL image, as reflected in Copyright Registration No. VA 2-479-685.

8.     Samsung mass-manufactured, distributed (or caused to be distributed) marketed, and sold in interstate commerce across the United States a vast number of its televisions in various sizes in these cardboard boxes containing the DL Image.

9.     Samsung's copying and distribution of the DL Image constitutes willful copyright and trademark infringement, and a violation of Ms. Lipa's right of publicity, designed to improperly capitalize on Ms. Lipa's hard-earned success to promote and sell Samsung's products.

10.     Samsung has refused to comply with Ms. Lipa's repeated demands that it cease and desist from infringing on her rights by the continued exploitation of the Infringing Products.  Samsung's response has been dismissive and callous, and the Infringing Products remain on the market to this day, still being sold throughout the country in ongoing acts of willful infringement.

11.     Samsung's arrogance in refusing to stop its infringement confirms its conscious disregard of Ms. Lipa's intellectual property and personal identity rights,

Mitchell
Silberberg &
Knupp LLP

4

**COMPLAINT**

intent on monetizing its products for its own benefit by capitalizing on the implied (false) association with Ms. Lipa as a sponsor of Samsung's mass-marketed television sets in the boxes on which she is prominently featured.

12. Samsung's infringing conduct—using Ms. Lipa's assets for zero consideration—makes a mockery of her hard work in establishing a successful brand and has deprived her of the ability to control and monetize her assets. This misconduct thus dilutes the value of her intellectual property and personal identity rights in connection with legitimate brand deals and sponsorship opportunities.

13. For its part, Samsung has profited, and continues to profit, immensely from its unauthorized use of the DL Image. On information and belief, a significant portion of the televisions sold by Samsung in the United States in 2025 and to date bear the DL Image on their boxes, the use of which has contributed in no insignificant way to the enormous revenue generated for Samsung by the sales of these televisions.

14. Samsung is surely aware that its conduct constitutes copyright and trademark infringement, and that it violates Ms. Lipa's right of publicity. Samsung is a sophisticated entity that, upon information and belief, regularly negotiates, executes, and enforces licensing agreements. As such, Samsung is well aware of industry standards and legal requirements governing the use of third parties' copyrighted materials and trademarks, and their names, images, likenesses. Despite this knowledge and experience, Samsung proceeded to use and continues to use the DL Image to sell its televisions without authorization, in willful disregard of Ms. Lipa's rights.

15. Samsung's willful and deliberate misconduct has caused, and continues to cause, substantial, manifest, and irreparable harm to Ms. Lipa, while enriching Samsung at her expense. By this lawsuit, Ms. Lipa seeks to bring Samsung's conduct to a stop and to obtain damages for Samsung's theft of her intellectual and personal identity assets.

Mitchell
Silberberg &
Knupp LLP

5

**COMPLAINT**

## THE PARTIES

16.    Dua Lipa is an individual residing outside of the United States.

17.    Samsung Electronics America, Inc. ("SEA, Inc.") is a New York corporation with its principal place of business in Englewood Cliffs, New Jersey. On information and belief, SEA, Inc. is the United States sales and marketing subsidiary of Samsung Electronics Co. Ltd., and is engaged in the business of, among other things, the manufacturing, distribution, marketing and sale of televisions and other consumer products, including the Infringing Products, throughout California, including in this judicial district.

18.    Samsung Electronics Co., Ltd. ("SEC, Ltd.") is the parent company of SEA, Inc., with its principal place of business in Seoul, Republic of Korea.  On information and belief, SEC, Ltd. is, through its subsidiaries and otherwise, engaged in the business of, among other things, the manufacturing, distribution, marketing and sale of televisions and other consumer products, including the Infringing Products, through Samsung.com.

19.    On information and belief, SEC, Ltd. exercises substantial control over the operations and policies of SEA, Inc. and directly participates in and influences key business decisions of SEA, Inc., including with respect to the creation, approval, licensing, and distribution of the Infringing Products.  On information and belief, SEC, Ltd. has instructed SEA, Inc. to continue the sale of the Infringing Products and has refused to cease and desist from the unauthorized use of the DL Image on the Infringing Products.

20.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who sued said defendants by such fictitious names (the "Doe Defendants").  If necessary, Plaintiff will seek leave to amend this Complaint to state their true names and capacities.  Plaintiff is informed and believes, and on that basis alleges, that the Doe Defendants are liable to Plaintiff as a result of their

Mitchell
Silberberg &
Knupp LLP

6

**COMPLAINT**

participation in some or all of the acts hereinafter set forth. Samsung and the Doe Defendants are referred to collectively herein as "Defendants."

21. Plaintiff is informed and believes, and on that basis avers, that at all times mentioned in this Complaint, each of the Defendants acted in concert with each other, and was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and, in doing the things averred in this Complaint, was at all times acting within the course and scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conducts alleged with full knowledge of all the facts and circumstances.

### JURISDICTION AND VENUE

22. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*., for trademark infringement under the Lanham Act, Section 43(a) *et seq*., for violation of Ms. Lipa's right of publicity and for redress under other related common law and state claims.

23. This Court has subject matter jurisdiction over the claims asserted under the Copyright Act and the Lanham Act pursuant to 28 U.S.C. §§ 1331 and 1338.

24. This Court has supplemental jurisdiction over the remainder of Plaintiff's claims pursuant to 28 U.S.C. § 1367.

25. This Court has personal jurisdiction over SEA, Inc. because SEA, Inc. has continuous and systematic contacts within California, which include, without limitation:

    a. SEA, Inc. is qualified to do business in California and is registered as a foreign corporation with the California Secretary of State.

Mitchell
Silberberg &
Knupp LLP

7

**COMPLAINT**

b.      SEA, Inc. maintains a strong physical presence in California, including maintaining an office in San Jose, California where it employs California residents.

c.      On information and belief, SEA, Inc. operates its own "Samsung Experience" storefronts in California, including in Glendale.

d.      SEA, Inc. has consented to jurisdiction in California in prior actions and has previously admitted in prior filings that it regularly conducts business in California.  *Golden Bridge Technology, Inc. v. Apple, Inc., et al.*, Case No. 5:12-cv-04882-PSG (C.D. Cal.), ECF 88 (SEA, Inc.'s Answer), ¶¶ 40-41 ("Samsung admits that it sells or offers for sale products in this district and derives revenue from goods and services provided to consumers in the State of California … Samsung admits that this Court has personal jurisdiction over Samsung."); *Rambus, Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 5:05-cv-02298-RMW (N.D. Cal.), ECF 87, ¶ 7 (SEA, Inc.'s Answer) ("Defendants do not contest personal jurisdiction in this Court.").

e.      SEA, Inc. has affirmatively invoked the jurisdiction of this state's courts by filing and prosecuting numerous lawsuits in California.  *See, e.g.*, *Samsung Electronics America, Inc. v. Samsungtonersupply.com*, Case No. 8:08-cv-00234 (C.D. Cal.); *Samsung Electronics America, Inc. v. New Century Imaging, Inc.*, Case No. 2:10-cv-00623 (C.D. Cal.); *Samsung Electronics Co., Ltd., et al. v. Ixi Mobile (R&D) Ltd.*, Case No. 5:20-cv-004047 (N.D. Cal.).

f.      SEA, Inc. distributes its products, including the Infringing Products, throughout California to stores such as Best Buy and Target, including in Los Angeles.

g.      SEA, Inc. actively and intentionally does business in California, as evidenced by its (i) brick and mortar storefronts in California; (ii) contracts and other transactions it has entered in California; (iii) revenue generated from California residents in connection with its goods and services sold here; and (iv)

Mitchell
Silberberg &
Knupp LLP

8

**COMPLAINT**

advertisements and/or promotional videos that target California residents, including those in Los Angeles.

h.      SEA, Inc. has purposefully availed itself of California law and could and did reasonably anticipate being brought into this Court because, among other reasons, (i) it specifically targets residents of California through its distribution of products, including via its brick-and-mortar location(s) and other stores and distributors throughout the district; and (ii) it has engaged, and is engaging in infringing conduct within the State of California and this District, including by knowingly, intentionally, and repeatedly exploiting Ms. Lipa's image, trademark, and copyright within this district and to California residents.

26.    This Court has personal jurisdiction over SEC, Ltd. because SEC, Ltd. has continuous and systematic contacts within the Central District of California, which include, without limitation:

a.      SEC, Ltd. operates and sells televisions and other products through the website www.samsung.com, which is available throughout California. The website specifically targets California residents, as evidenced by the instruction on its privacy policy directing "California Residents: click here to view our California Privacy statement" which expressly "applies solely to California residents."

b.      SEC, Ltd. has consented to jurisdiction in California in prior actions and has previously admitted in prior filings that it regularly conducts business in California. *Golden Bridge Technology, Inc. v. Apple, Inc., et al.*, Case No. 5:12-cv-04882-PSG (C.D. Cal.), ECF 88 (SEC, Ltd.'s Answer), ¶¶ 40-41 ("Samsung admits that it sells or offers for sale products in this district and derives revenue from goods and services provided to consumers in the State of California … Samsung admits that this Court has personal jurisdiction over Samsung."); *Rambus, Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 5:05-cv-02298-

Mitchell
Silberberg &
Knupp LLP

9
**COMPLAINT**

RMW (N.D. Cal.), ECF 87, ¶ 7 (SEC, Ltd.'s Answer) ("Defendants do not contest personal jurisdiction in this Court.").

c. SEC, Ltd. has affirmatively invoked the jurisdiction of this state's courts by filing and prosecuting numerous lawsuits in California. *See, e.g.*, *Samsung Electronics Co., Ltd., et al. v. Ixi Mobile (R&D) Ltd.*, Case No. 5:20-cv-004047 (N.D. Cal.); *Samsung Electronics Co., Ltd., et al. v. Early Bird Savings, et al.*, Case No. 3:13-cv-003105 (S.D. Cal.); *Samsung Electronics Co., Ltd. v. Panasonic Corp., et al.*, Case No. 3:10-cv-003098 (N.D. Cal.).

d. SEC, Ltd. actively and intentionally does business in California, as evidenced by its (i) contracts and other transactions it has entered in California; (ii) revenue generated from California residents in connection with its goods and services sold here through the www.samsung.com website or otherwise; and (iii) advertisements and/or promotional videos that target California residents, including those in Los Angeles.

e. SEC, Ltd. has purposefully availed itself of California law and could and did reasonably anticipate being brought into this Court because, among other reasons, (i) it specifically targets residents of California through its website www.samsung.com, as evidenced by its California-specific privacy policy; and (ii) it has been engaged and is engaging in infringing conduct within the State of California and this District, including by knowingly, intentionally, and repeatedly exploiting Ms. Lipa's image, trademark, and copyright within this district and to California residents and/or by directing SEA, Inc. to exploit the same.

27. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and/or § 1400(a).

Mitchell
Silberberg &
Knupp LLP

## FACTS APPLICABLE TO ALL CLAIMS

28.    Ms. Lipa is the owner of all rights, title and interest in the image titled "Dua Lipa - Backstage at Austin City Limits, 2024" (the "DL Image"):



29.    The DL Image features Ms. Lipa, backstage at the Austin City Limits Festival, before going on stage.  It is registered with the United States Copyright Office, bearing Registration No. VA 2-479-685.

30.    Ms. Lipa also holds highly valuable commercial publicity rights and trademark rights in her image, both of which are highlighted in the DL Image.

31.    Samsung exploited Ms. Lipa's carefully curated and extremely valuable brand identity to sell televisions, by using, without authorization, Ms. Lipa's copyrighted image on the front of cardboard boxes offering Samsung televisions for sale (the "Infringing Products").  Ms. Lipa's face was prominently used for a mass marketing campaign for a consumer product without her knowledge, without consideration, and as to which she had no say, control, or input whatsoever.  Ms. Lipa did not allow and would not have allowed this use.

Mitchell
Silberberg &
Knupp LLP

11
**COMPLAINT**

32.    Samsung did not have, and does not have, any license, authorization, permission, or consent to use the DL Image, or Ms. Lipa's brand, image, or likeness, on the Infringing Products, and it is well aware that it has no such right.

33.    Samsung has benefitted substantially from the unauthorized copying and distribution of the DL Image on its Infringing Products. The substantial revenue that it has made on the sale of the Infringing Products is inextricably tied to the false message conveyed to consumers that Ms. Lipa has endorsed the Infringing Products when she has not.

34.    On information and belief, and as reflected in social media postings, the use of the DL Image on the Infringing Products induced potential consumers to buy them because it featured Ms. Lipa, with one fan noting "I wasn't even planning on buying a tv but I saw the box so I decided to get it":



Mitchell
Silberberg &
Knupp LLP

12
**COMPLAINT**

35. Indeed, another fan commented that they would "get that tv just because Dua is on it." Yet another aptly noted, "if you need anything selling just put a picture of Dua Lipa on it."





Mitchell
Silberberg &
Knupp LLP

**COMPLAINT**

36. Ms. Lipa became aware of Samsung's infringement and violation of her right of publicity in or about June 2025, and immediately demanded that Samsung cease and desist from the infringement.

37. Samsung has repeatedly refused to do so, and instead has continued to willfully, intentionally, and purposefully infringe on Ms. Lipa's rights for its financial benefit, maintaining for sale the Infringing Products bearing the DL Image.

38. Ms. Lipa has developed substantial commercial value in her name, image, and likeness, which she has successfully monetized through brand sponsorships, endorsements, and related promotional partnerships. As a direct result of this reputation, recognition, and goodwill, Ms. Lipa has earned—and continues to earn—significant revenue in exchange for limited rights to use her image and likeness in connection with such campaigns.

39. Ms. Lipa is highly selective in her commercial partnerships and has cultivated a premium brand through carefully curated, high-end sponsorships and endorsements. Consistent with this deliberate strategy, Plaintiff would not have agreed to license her name, image or likeness in connection with the sale of the Infringing Products.

40. Samsung's unauthorized use of the DL Image has thus caused and continues to cause dilution of Plaintiff's valuable brand identity and commercial goodwill by falsely conveying to the consuming public that she approves of and endorses the Infringing Products.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

### (Against All Defendants)

41. Plaintiff incorporates by this reference each and every averment contained in Paragraphs 1 through 40, inclusive, as though fully set forth herein.

Mitchell
Silberberg &
Knupp LLP

14

**COMPLAINT**

42. Plaintiff is the owner of all rights, title, and interest in the DL Image, which has been registered with the United States Copyright Office, bearing Registration No. VA 2-479-685.

43. Defendants have infringed, and are continuing to infringe, Plaintiff's copyright interests in the DL Image by reproducing, distributing, and/or displaying the DL Image on the Infringing Products without authorization, in violation of the Copyright Act, 17 U.S.C. §§106 and 501.

44. Each such infringement by Defendants of the DL Image is a separate and distinct act of infringement.

45. Defendants' acts of infringement are willful, intentional, and purposeful, in disregard of and with complete indifference to Plaintiff's rights.

46. As a direct and proximate result of Defendants' willful infringement, Plaintiff is entitled to damages and to Defendants' profits attributable to the infringement, in an amount to be proven at trial, and which are not currently ascertainable.

47. Plaintiff is additionally entitled to recover her full costs incurred in this action pursuant to 17 U.S.C. § 505.

48. As a direct and proximate result of Defendants' acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes, and on that basis avers, that unless enjoined by this Court, Defendants will continue to infringe her rights in the DL Image.  Plaintiff is entitled to permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

Mitchell
Silberberg &
Knupp LLP

**COMPLAINT**

## SECOND CAUSE OF ACTION

## VICARIOUS COPYRIGHT INFRINGEMENT

### (Pled in the Alternative against SEC, Ltd.)

49.     Plaintiff incorporates by this reference each and every averment contained in Paragraphs 1 through 48, inclusive, as though fully set forth herein.

50.     Plaintiff is the owner of all rights, title, and interest in the DL Image, which has been registered with the United States Copyright Office, as set forth above.

51.     Defendants have directly and willfully infringed Plaintiff's copyrights in the DL Image through their unauthorized reproduction, distribution and/or display of the DL Image on the Infringing Products.  Additionally, or alternatively, on information and belief, SEC, Ltd. is vicariously liable for the infringing acts of Defendants due to its substantial control over and direct participation and influence over key business decisions of its subsidiary SEA, Inc., including with respect to the creation, approval, licensing, and distribution of the Infringing Products.  On information and belief, officers of SEC, Ltd. have instructed SEA, Inc. to continue the sale of the Infringing Products and have refused to cease and desist from the unauthorized use of the DL Image on the Infringing Products.

52.     Each underlying infringement by Defendants of the DL Image is a separate and distinct act of infringement.

53.     On information and belief, SEC, Ltd. had the right, authority and ability to control the infringing activities of Defendants, including the sale and distribution of the Infringing Products.

54.     On information and belief, SEC, Ltd. derived a direct financial benefit from the infringement and has profited from Defendants' infringement of the DL Image.

55.     SEC, Ltd.'s acts of infringement were knowing, willful, and in disregard of and with indifference to Plaintiff's rights.

Mitchell
Silberberg &
Knupp LLP

16

**COMPLAINT**

56.    Thus, because of SEC, Ltd.'s dominion and control of SEA, Inc., as well as the direct financial benefit SEC, Ltd. receives by virtue of the acts alleged herein, SEC, Ltd. is liable for vicarious copyright infringement.

57.    As a direct and proximate result of SEC, Ltd.'s vicarious infringement of Plaintiff's copyright in the DL Image, Plaintiff is entitled to damages, and any profits of SEC, Ltd. that are attributable to the infringement, in an amount to be proven at trial, and which are not currently ascertainable.

58.    Plaintiff is additionally entitled to recover her full costs incurred in this action pursuant to 17 U.S.C. § 505.

59.    As a direct and proximate result of SEC, Ltd.'s acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes, and on that basis avers, that unless enjoined by this Court, SEC, Ltd. will continue to infringe her rights in the DL Image.  Plaintiff is entitled to permanent injunctive relief to restrain and enjoin SEC, Ltd.'s continuing infringing conduct.

### THIRD CAUSE OF ACTION

### FALSE ENDORSEMENT AND TRADEMARK INFRINGEMENT

### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

### (Against All Defendants)

60.    Plaintiff incorporates by this reference each and every averment contained in Paragraphs 1 through 59, inclusive, as though fully set forth herein.

61.    Plaintiff holds valid and protectable trademark rights in her brand, image, and likeness, as contained in the DL Image, which are inherently distinctive and recognizable to consumers.

62.    Defendants' unauthorized use of the DL Image, as described above, constitutes false endorsement and trademark infringement of Plaintiff's trademark rights in her brand, image, and likeness in violation of 15 U.S.C. § 1125(a).

Mitchell
Silberberg &
Knupp LLP

17

**COMPLAINT**

63. Defendants' unauthorized use of the DL Image has caused, and is likely to continue to cause, confusion, mistake, or deception as to Plaintiff's sponsorship of the Infringing Products. Consumers have believed and will continue to mistakenly believe that Plaintiff endorses, approves, recommends, or is affiliated or associated with the Infringing Products as a direct result of Defendants' unauthorized use of the DL Image.

64. Defendants' wrongful acts have permitted and will permit Defendants to receive substantial profits based on the strength of Plaintiff's reputation and the substantial goodwill she has built in her brand, image, and likeness.

65. As a direct and proximate result of Defendants' infringement, Plaintiff has been damaged and will continue to be damaged. Plaintiff is entitled to damages for the unlawful use of her brand and image, and to Defendants' profits in an amount to be proven at trial, and which is not currently ascertainable.

66. Defendants knew of Plaintiff's rights, and their infringement has been knowing, willful, and deliberate, such that the Court should award Plaintiff her attorneys' fees pursuant to 15 U.S.C. § 1117. Plaintiff is also entitled to the costs of this action.

67. On information and belief, unless an injunction is issued enjoining any continuing or future use of the DL Image by Defendants, such use is likely to continue to cause confusion and Plaintiff will continue to sustain substantial and irreparable harm, for which there is no adequate remedy at law. Plaintiff is thus entitled to permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

Mitchell
Silberberg &
Knupp LLP

**COMPLAINT**

## FOURTH CAUSE OF ACTION

## TRADEMARK INFRINGEMENT

### (Common Law)

### (Against All Defendants)

68.     Plaintiff incorporates by this reference each and every averment contained in Paragraphs 1 through 67, inclusive, as though fully set forth herein.

69.     Plaintiff holds valid and protectable common law trademark rights in her brand, image, and likeness, which are inherently distinctive and recognizable to consumers.

70.     Defendants' unauthorized use of the DL Image, as described above, constitutes infringement of Plaintiff's common law trademark rights in her brand, image, and likeness.

71.     Defendants' unauthorized use of the DL Image has caused, and is likely to continue to cause, confusion, mistake, or deception as to Plaintiff's sponsorship of the Infringing Products.  Consumers have believed and will continue to mistakenly believe that Plaintiff endorses, approves, recommends, or is affiliated or associated with the Infringing Products as a direct result of Defendants' unauthorized use of the DL Image.

72.     Defendants' wrongful acts have permitted and will permit Defendants to receive substantial profits based on the strength of Plaintiff's reputation and the substantial goodwill she has built up in her brand, image, and likeness.

73.     As a direct and proximate result of Defendants' infringement, Plaintiff has been damaged and will continue to be damaged.  Plaintiff is entitled to damages for the unlawful use of her brand and image, and to Defendants' profits in an amount to be proven at trial, and which are not currently ascertainable.

74.     On information and belief, unless an injunction is issued enjoining any continuing or future use of the DL Image by Defendants, such use is likely to continue to cause confusion and Plaintiff will continue to sustain substantial and

irreparable harm, for which there is no adequate remedy at law. Plaintiff is thus entitled to permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

75. Defendants have acted willfully, intentionally and maliciously, in direct violation of and with complete indifference to Plaintiff's rights. Therefore, Plaintiff is entitled to an award of punitive damages as a result of Defendants' infringement.

## FIFTH CAUSE OF ACTION

### CONTRIBUTORY TRADEMARK INFRINGEMENT

### (Lanham Act and Common Law)

### (Pled in the Alternative against SEC, Ltd.)

76. Plaintiff incorporates by this reference each and every averment contained in Paragraphs 1 through 75, inclusive, as though fully set forth herein.

77. Defendants have directly and willfully infringed Plaintiff's trademark rights in her name, image, and likeness through its use of the DL Image in connection with the sale of the Infringing Products, which has caused, and is likely to cause, mistake, or confuse or deceive the general public as to the endorsement, affiliation, connection or association of Plaintiff with the Infringing Products, as set forth above.

78. Alternatively, on information and belief, SEC, Ltd. had knowledge of, controlled, authorized, directly participated in, intentionally induced and materially contributed to the infringement of Plaintiff's trademark rights by Defendants by, among other things, participating and influencing key business decisions of its subsidiary SEA, Inc., including with respect to the creation, approval, licensing, and distribution of the Infringing Products. On information and belief, officers of SEC, Ltd. have also instructed SEA, Inc. to continue the sale of the Infringing Products and have refused to cease and desist from the unauthorized use of the DL Image on the Infringing Products.

Mitchell
Silberberg &
Knupp LLP

20

**COMPLAINT**

79.     SEC, Ltd. knew or should have known of the infringement of Plaintiff's trademark rights.  At a minimum, SEC, Ltd. was put on notice of the infringement by Plaintiff, and therefore has actual knowledge of the continuing infringement.

80.     On information and belief, SEC, Ltd. had the right and ability to control the actions of Defendants and stop the distribution of the Infringing Products.

81.     On information and belief, SEC, Ltd. has profited from Defendants' infringement of Plaintiff's trademark rights in her name, image, and likeness.

82.     The aforesaid acts of SEC, Ltd. constitutes contributory trademark infringement in violation of Sections 32(1) and 43(a) of the Lanham Act and California common law.

83.     As a direct and proximate result of SEC, Ltd.'s infringement, Plaintiff has been damaged and will continue to be damaged.  Plaintiff is entitled to damages for the unlawful use of her brand, image, and likeness, and to SEC, Ltd.'s profits in an amount to be proven at trial, and which are not currently ascertainable.

84.     As a direct and proximate result of SEC, Ltd.'s acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes, and on that basis avers, that unless enjoined by this Court, SEC, Ltd. will continue to infringe her trademark rights.  Plaintiff is entitled to permanent injunctive relief to restrain and enjoin SEC, Ltd.'s continuing infringing conduct.

85.     SEC, Ltd. knew of Plaintiff's rights, and its infringement has been knowing, willful, and deliberate, such that the Court should award Plaintiff her attorneys' fees pursuant to 15 U.S.C. § 1117.  Plaintiff is also entitled to her costs of this action.

Mitchell
Silberberg &
Knupp LLP

**COMPLAINT**

## SIXTH CAUSE OF ACTION

## VICARIOUS TRADEMARK INFRINGEMENT

### (Lanham Act and Common Law)

### (Pled in the Alternative against SEC, Ltd.)

86. Plaintiff incorporates by this reference each and every averment contained in Paragraphs 1 through 85, inclusive, as though fully set forth herein.

87. Defendants have directly and willfully infringed Plaintiff's trademark rights in her name, image, and likeness through its use of the DL Image in connection with the sale of the Infringing Products, which has caused, and is likely to cause, mistake, or confuse or deceive the general public as to the endorsement, affiliation, connection or association of Plaintiff with the Infringing Products, as set forth above.

88. Additionally, or alternatively, on information and belief, SEC, Ltd. is vicariously liable for the infringing acts of Defendants because at all relevant times, including in connection with the development and distribution of the Infringing Products, SEA, Inc. was acting as SEC, Ltd.'s agent and within the scope of its authority as an agent of SEC, Ltd. On information and belief, SEA, Inc. and SEC, Ltd. exercise joint ownership and control over the Infringing Products.

89. On information and belief, SEC, Ltd. had, and continues to have, substantial control over and direct participation and influence over key business decisions of its subsidiary and agent SEA, Inc., including with respect to the creation, approval, licensing, and distribution of the Infringing Products.

90. SEC, Ltd. knew or should have known of the infringement of Plaintiff's trademark rights. At a minimum, SEC, Ltd. was put on notice of the infringement by Plaintiff, and therefore has actual knowledge of the continuing infringement. On information and belief, officers of SEC, Ltd. have instructed

SEA, Inc. to continue the sale of the Infringing Products and have refused to cease and desist from the unauthorized use of the DL Image on the Infringing Products.

91.     On information and belief, SEC, Ltd. has profited from SEA, Inc.'s infringement of Plaintiff's trademark rights in her name, image, and likeness.

92.     The aforesaid acts of SEC, Ltd. constitutes vicarious trademark infringement.

93.     As a direct and proximate result of SEC, Ltd.'s infringement, Plaintiff has been damaged and will continue to be damaged.  Plaintiff is entitled to damages for the unlawful use of her brand, image, and likeness, and to SEC, Ltd.'s profits in an amount to be proven at trial, and which are not currently ascertainable.

94.     As a direct and proximate result of SEC, Ltd.'s acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes, and on that basis avers, that unless enjoined by this Court, SEC, Ltd. will continue to infringe her trademark rights.  Plaintiff is entitled to permanent injunctive relief to restrain and enjoin SEC, Ltd.'s continuing infringing conduct.

95.     SEC, Ltd. knew of Plaintiff's rights, and its infringement has been knowing, willful, and deliberate, such that the Court should award Plaintiff her attorneys' fees pursuant to 15 U.S.C. § 1117.   Plaintiff is also entitled to the costs of this action.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF RIGHT OF PUBLICITY**

**(Cal. Civ. Code § 3344)**

**(Against All Defendants)**

96.     Plaintiff incorporates by this reference each and every averment contained in Paragraphs 1 through 95, inclusive, as though fully set forth herein.

Mitchell
Silberberg &
Knupp LLP

23

**COMPLAINT**

97.   Plaintiff is the owner of the rights of publicity in her identity, persona, image, and likeness.

98.   Defendants have willfully and knowingly used, and continue to use, the DL Image featuring Plaintiff's likeness on the Infringing Products for the commercial purposes of advertising, selling, or soliciting purchases of the Infringing Products, without Plaintiff's authorization.

99.   Plaintiff is informed and believes, and on that basis avers, that the Infringing Products are distributed and sold throughout the United States, including in the State of California.

100.   Defendants' unauthorized use of Plaintiff's image and likeness for commercial purposes, as averred herein, constitutes a violation of Plaintiff's statutory right of publicity as set forth in California Civil Code § 3344.

101.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer, damages in an amount to be proven at trial.  Plaintiff is entitled to damages for the unlawful use of her image and likeness, and to Defendants' profits in an amount to be proven at trial, and which are not currently ascertainable.

102.   Plaintiff is additionally entitled to recover her full costs and attorneys' fees incurred in this action pursuant to California Civil Code § 3344(a).

103.   Defendants have acted willfully, maliciously, in direct violation of and with complete indifference to Plaintiff's rights.  Therefore, Plaintiff is additionally entitled to an award of punitive damages.

104.   On information and belief, unless an injunction is issued enjoining any continuing or future use of the DL Image by Defendants, such use is likely to continue and Plaintiff will continue to sustain substantial and irreparable harm, for which there is no adequate remedy at law.  Plaintiff is thus entitled to permanent injunctive relief to restrain and enjoin Defendants' continuing wrongful conduct.

Mitchell
Silberberg &
Knupp LLP

24

**COMPLAINT**

# EIGHTH CAUSE OF ACTION

## VIOLATION OF RIGHT OF PUBLICITY

### (Common Law)

### (Against All Defendants)

105.   Plaintiff incorporates by this reference each and every averment contained in Paragraphs 1 through 104, inclusive, as though fully set forth herein.

106.   Plaintiff is the owner of the common law rights of publicity in her identity, persona, image, and likeness.

107.   Defendants have willfully and knowingly used and continue to use the DL Image featuring Plaintiff's likeness on the Infringing Products for the commercial purposes of advertising, selling, or soliciting purchases of the Infringing Products, without Plaintiff's authorization.

108.   Plaintiff is informed and believes, and on that basis avers, that the Infringing Products are distributed and sold throughout the United States, including in the State of California.

109.   Defendants' unauthorized use of Plaintiff's image and likeness for commercial purposes and commercial advantage, as averred herein, constitutes an invasion and violation of Plaintiff's right of publicity under common law.

110.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered, and will continue to suffer, damages in an amount to be proven at trial.  Plaintiff is entitled to damages for the unlawful use of her image and likeness, and to Defendants' profits in an amount to be proven at trial, and which are not currently ascertainable.

111.   Defendants have acted willfully, maliciously, in direct violation of and with complete indifference to Plaintiff's rights.  Therefore, Plaintiff is additionally entitled to punitive damages.

112.   On information and belief, unless an injunction is issued enjoining any continuing or future use of the DL Image by Defendants, such use is likely to

Mitchell
Silberberg &
Knupp LLP

**COMPLAINT**

continue and Plaintiff will continue to sustain substantial and irreparable harm, for which there is no adequate remedy at law.  Plaintiff is thus entitled to permanent injunctive relief to restrain and enjoin Defendants' continuing wrongful conduct.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For a permanent injunction prohibiting Defendants, and their respective representatives, agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with Defendants or at their direction from directly or indirectly infringing and/or misappropriating Plaintiff's copyright, trademark and publicity rights in the DL Image in any manner, including, without limitation, by directly or indirectly copying, distributing, displaying, or otherwise exploiting the DL Image and/or Plaintiff's image and likeness in any manner.

2. For an award of Plaintiff's actual damages arising from Defendants' copyright infringement, trademark infringement and misappropriation of Plaintiff's likeness and image in such amount as may be determined at trial, but no less than $15 million, and Defendants' profits attributable to their unauthorized use of the DL Image and Plaintiff's image and likeness;

3. For an award of punitive damages, in such amount as may be determined at trial;

4. For attorneys' fees and costs in this action;

///

///

///

///

Mitchell
Silberberg &
Knupp LLP

26

**COMPLAINT**

5.    Pre- and post-judgment interest to the extent allowable; and

6.    Such other and further relief that the Court may deem just and proper.


DATED: MAY 8, 2026                      CHRISTINE LEPERA
                                        GABRIELLA N. ISMAJ
                                        ALEXANDRA L. ANFUSO
                                        MITCHELL SILBERBERG & KNUPP LLP


                                        By: */s/ Gabriella N. Ismaj*
                                            Christine Lepera
                                            Gabriella N. Ismaj
                                            Alexandra L. Anfuso
                                            Attorneys for Plaintiff Dua Lipa

Mitchell
Silberberg &
Knupp LLP

**COMPLAINT**

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all matters and issues so triable.

DATED: MAY 8, 2026                    CHRISTINE LEPERA
                                      GABRIELLA N. ISMAJ
                                      ALEXANDRA L. ANFUSO
                                      MITCHELL SILBERBERG & KNUPP LLP


                                      By: */s/ Gabriella N. Ismaj*
                                          Christine Lepera
                                          Gabriella N. Ismaj
                                          Alexandra L. Anfuso
                                          Attorneys for Plaintiff Dua Lipa

Mitchell
Silberberg &
Knupp LLP

**COMPLAINT**